**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LAVERNE MARLIN** ) | **CIVIL ACTION NO.** |
| ) | |
| **Plaintiff,** ) | **COMPLAINT** |
| ) | |
| **v.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **TRANS UNION, LLC** ) | |
| **and** ) | **NON-ARBITRATION** |
| **EQUIFAX INFORMATION** ) | |
| **SOLUTIONS, LLC** ) | |
| **and** ) | |
| **NISSAN MOTOR ACCEPTANCE** ) | |
| **CORPORATION** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

1.     This is an action for damages brought by an individual consumer, Laverne Marlin,

against Defendants Trans Union, LLC, Equifax Solutions, LLC and Nissan Motor Acceptance,

Corporation, collectively "Defendants," for violations of the Fair Credit Reporting Act

("FCRA") 15 U.S.C. §§ 1681, *et seq., as amended*.

## THE PARTIES

2.     Plaintiff Laverne Marlin is an adult individual residing in Sicklerville, NJ.

3.     Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency

that regularly conducts business in the Eastern District of Pennsylvania, and which has a

principal place of business located at 1510 Chester Pike, Crum Lynne, PA.

4.     Defendant Equifax Information Solutions, LLC ("Equifax") is a consumer

reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and

which has a principal place of business located at 1550 Peachtree Street Northeast, Atlanta, GA 30309.

5.      Defendant Nissan Motor Acceptance Corporation ("Nissan") is a business entity that regularly conducts business in the Eastern District, and which has a principal place of business located at 8900 Freeport Parkway, Irving, TX.

## JURISDICTION & VENUE

6.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

8.      Trans Union and Equifax have been reporting inaccurate information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

9.      The inaccurate information includes, but is not limited to an "open charge off account" notation and delinquent balance reporting in connection with Plaintiff's Nisan's auto lease on her Trans Union and Equifax credit reports and files.

10.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of the reporting of an "open charge off account" notation and delinquent balance on Plaintiff's Trans Union and Equifax credit report in connection with a Nissan's auto lease.  The auto lease was settled in full on May 22, 2012.

11.     Trans Union and Equifax have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown at least since May 2012.

2

12.     Plaintiff has disputed the inaccurate information with Trans Union and Equifax by written communications to their representatives and by following Trans Union and Equifax's established procedures for disputing consumer credit information at least from September 2013 through the present.

13.     Notwithstanding Plaintiff's efforts, Trans Union and Equifax have repeatedly published and disseminated consumer reports to such third parties from at least September 2013 through the present.

14.     Despite Plaintiff's efforts, Trans Union and Equifax have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entity originally furnishing the inaccurate information; and (4) requested or obtained relevant documents from the entity furnishing the inaccurate information.

15.     Notwithstanding Plaintiff's disputes, Nissan has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by Trans Union and Equifax concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to Trans Union and Equifax, and has failed to mark the above accounts as disputed from September 2013.

16.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, negligently, recklessly, and repeatedly failed to perform reasonable investigations and/or reinvestigations of the above disputes as required by the FCRA, have failed to correct the inaccurate information, and have continued to report the inaccurate information about the Plaintiff.

17.     As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress including humiliation and embarrassment.

18.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

19.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

<u>COUNT I – TRANS UNION AND EQUIFAX<br>VIOLATIONS OF THE FCRA</u>

20.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21.     At all times pertinent hereto, Trans Union and Equifax each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

22.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

23.     At all times pertinent hereto, the above-mentioned credit reports were each a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

24.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Trans Union and Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

25.     The conduct of Trans Union and Equifax is a direct and proximate cause, as well

4

as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union and Equifax are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – NISSAN
## VIOLATIONS OF THE FCRA

26.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27.     At all times pertinent hereto Nissan was a "person as that term defined by 15 U.S.C. § 1681a(b).

28.     Nissan violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

29.     Nissan's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Nissan is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## JURY TRIAL DEMAND

30.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Statutory damages

5

(b)      Actual damages;

(c)      Punitive damages;

(d)      Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n,

1681o; and

(e)      Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:      _/s/ Mark D. Mailman_____
MARK D. MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600
Dated: April 24, 2014              *Attorneys for Plaintiff*

6